IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF PENNSYLVANIA

PHILLIP A. FRANTZ             :
                                    :
                 Plaintiff      :      CIVIL ACTION
                                    :
        v.                          :      No.     07-CV-4083
                                    :
FERGUSON ENTERPRISES, INC.    :
                                    :
                Defendant    :

**MEMORANDUM OPINION & ORDER**

GOLDEN, J.                                                     January  26, 2009

Before the Court is Defendant's Motion for Summary Judgment.  (Doc. No. 12.)  The Plaintiff is suing for violations of the Age Discrimination in Employment Act ("ADEA") and the Pennsylvania Human Relations Act ("PHRA").  For the reasons that follow, the Court will deny Defendant's Motion.

**BACKGROUND**

On January 19, 2005, the Plaintiff, Phillip A. Frantz ("Frantz"), was hired by the Defendant, Ferguson Enterprises, Inc. ("Ferguson"), to work as an outside sales associate.  (Def.'s Stmt. ¶ 2.)  He was fifty-nine (59) years old.  (Id. ¶ 12.)  Twain Glaser ("Glaser"), a sales manager at Ferguson's East Petersburg location, made the decision to hire Frantz.  (Id. ¶¶ 5-6.)  On September 30, 2005, after nine (9) months of employment, Frantz was fired as a result of a joint-decision made by Glaser and the branch manager, Fenton Harpster, ("Harpster").  (Id. ¶¶ 36, 44, 46.)  Frantz was sixty (60) years old.  (Id.  ¶ 45.)  He was replaced by a twenty-six (26) year old salesman who had less experience than he. (Id. ¶¶ 47-48.)

During Frantz's employment with Ferguson, he recalled hearing derogatory comments

about his age between ten (10) and fifty (50) times in a span of two months.  (Id. ¶ 51; Frantz Dep. 140, 143.)  Sean Way ("Way"), a customer of Ferguson and now Frantz's employer, recalled hearing Glaser and Harpster call Frantz "old man" and "grandpa" and tell him that he should "take a nap old man, you look tired," in Ferguson's East Petersburg office.  (Def.'s Stmt. ¶ 59; Way Aff. ¶ 7.)  Sam Schrum, a former Ferguson employee, also recalled hearing Glaser and Harpster make comments to Frantz about his age, such as "old fart," "old man," and "old f**k." (Def.'s Stmt. ¶¶ 63-64; Schrum Aff. ¶¶ 5, 10.)  Shortly after Frantz's termination, Schrum asked Glaser about Frantz, and Glaser replied that "due to [Frantz]'s age he was unable to get the job done."  (Pl.'s Add'l Stmt. ¶ 4; Schrum Aff. ¶ 14.)

Later, in October of 2005, Glaser visited Craig Moon ("Moon"), a Ferguson customer, to introduce Frantz's replacement.  (Pl.'s Additional Facts ¶ 1.)  In response to Moon's inquiries about Frantz, Glaser told Moon that Frantz was replaced because "at 60 years old [he] does not have the energy level to aggressively pursue new business."  (Id. ¶ 2.)  Glaser also told Moon that Ferguson was a "'young minded company[,]' and that it relies upon the 'ambition of young people to grow its business.'"  (Pl.'s Stmt. ¶ 55.)

In its Motion for Summary Judgment, Ferguson argues that Frantz was fired due to his poor job performance.  (Def.'s Br. 5-10.)   In support, Ferguson cites to Frantz's low sales numbers, in light of his experience and salary.  (Id.)

In response, Frantz argues that Ferguson's proffered reason is merely a pretext for discrimination.  (Pl.'s Br. 12-14; Pl.'s Sur-Reply Br. 1-3.)  Frantz also argues that Glaser's comments to Moon and Schrum constitute direct evidence of age discrimination.  (Pl.'s Br. 15-17; Pl.'s Sur-Reply Br. 4-5.)

-2-

**STANDARD OF REVIEW**

Summary judgment should be granted if the record, including pleadings, depositions, affidavits, and answers to interrogatories, demonstrates "that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. Proc. 56(c). In making that determination, the "evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in his favor." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986). The question is whether "the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." Id. at 251-52. It is not the role of the trial judge "to weigh the evidence and determine the truth of the matter, but to determine whether there is a genuine issue for trial," id. at 250, because "[c]redibility determinations, the weighing of the evidence, and the drawing of legitimate inferences from the facts are jury functions, not those of a judge." Id. at 255. At "the summary judgment stage, in other words, 'all that is required [for a non-moving party to survive the motion] is that sufficient evidence supporting the claimed factual dispute be shown to require a jury or judge to resolve [at trial] the parties' differing versions of the truth.'" Jackson v. Univ. of Pittsburgh, 846 F.2d 230, 233 (3d Cir. 1987) (quoting First Nat'l Bank of Ariz. v. Cities Serv. Co., 391 U.S. 253, 288-89 (1968)).

**ANALYSIS**

To prevail on an age discrimination claim under either the ADEA or the analogous provision of the PHRA, a plaintiff must show that his or her age actually motivated or had a determinative influence on the employers's adverse employment decision. See Fasold v. Justice, 409 F.3d 178, 183-84 (3d Cir. 2005) (quoting Reeves v. Sanderson Plumbing Prods., Inc., 530

U.S. 133, 141 (2000)).  "A plaintiff can meet this burden (1) by presenting direct evidence of discrimination [under Price Waterhouse v. Hopkins, 490 U.S. 228 (1989) and proceeding with a mixed motive theory], or (2) by presenting indirect evidence of discrimination that satisfies the familiar three-step framework of McDonnell Douglas Corp. v. Green, 411 U.S. 792 (1973) [and proceeding with a pretext theory]."  Fasold, 409 F.3d at 184.  As a practical matter, the distinction between the two theories "lies in the kind of proof that an employee produces on the issue of bias, and the effect that the evidence has on the burden."  See Starceski v. Westinghouse Elec. Corp., 54 F.3d 1089, 1096-98 (3d Cir. 1995).  Whether a case is a pretext case or a mixed motive case is a question for the court once all of the evidence has been received at trial.  See id. at 1098 (quoting Armbruster v. Unisys Corp., 32 F.3d 768, 782 (3d Cir. 1994)).

I.      **Direct Evidence and Price Waterhouse**

Ferguson contends that Frantz cannot show any direct evidence of age discrimination. (Def.'s Br. 4 n.1; Def.'s Reply Br. 5-6.)  Frantz counters that the derogatory comments made by Glaser about Frantz's age to him, other employees, and customers constitute direct evidence of age discrimination.  (Pl.'s Br. 15-17; Pl.'s Sur-Reply Br. 4-5.)

Under Price Waterhouse, "when an ADEA plaintiff alleging unlawful termination presents 'direct evidence' that his age was a substantial factor in the decision to fire him, the burden of persuasion on the issue of causation shifts," to the employer to show that he would have fired the plaintiff regardless of his age.  Fakete v. Aetna, 308 F.3d 335, 338 (3d Cir. 2002). Direct evidence is evidence that is "sufficient to allow the jury to find that 'the decision makers placed substantial negative reliance on the plaintiff's age in reaching their decision to fire him.'" Fakete, 308 F.3d at 338 (quoting Connors v. Chrysler Fin. Corp.,160 F.3d 971, 976 (3d Cir.

-4-

1998)).  "Such evidence 'leads not only to a ready logical inference of bias, but also to a rational presumption that the person expressing bias acted on it' when he made the challenged employment decision."  Id. (quoting Starceski v. Westinghouse Elec. Corp., 54 F.3d 1089, 1097 (3d Cir. 1995)).

In Fakete, the Court of Appeals for the Third Circuit reversed an order granting the defendant's motion for summary judgment in a wrongful termination suit under the ADEA.  The Court found that there was sufficient direct evidence of age discrimination to defeat the defendant's  motion for summary judgment where the plaintiff's supervisor told him that he [the supervisor] was "'looking for younger single people' and that, as a consequence, [the plaintiff] 'wouldn't be happy [at Aetna] in the future.'"  Id. at 339.  This statement was made within months of the plaintiff's termination for alleged violations of the defendant's absentee policy and was directly related to the employee's relationship to the company.  The Court of Appeals noted that this statement was an unambiguous statement to the plaintiff that the defendant viewed him as a less desirable employee because of his age.  Id. at 339-40.

On the other hand, derogatory comments or stray remarks in the workplace that are unrelated to employment decisions, even when uttered by decision makers, do not constitute direct evidence of discrimination.  See Price Waterhouse, 490 U.S. at 277 (O'Connor, J., concurring); Wooler v. Citizens Bank, No. 06-CV-1349, 2006 WL 3484375, at *4 (E.D. Pa. Nov. 3, 2006 ) (no ready logical inference of bias by pointing to two off-color remarks made by former supervisor: "Over the hill yet?" "Do you suffer from Alzheimer's disease?"), aff'd 274 F. App'x 177 (3d Cir. Apr. 2, 2008);  Bullock v. Children's Hosp. of Philadelphia, 71 F. Supp. 2d 482, 486-87 (E.D. Pa. 1999) (no direct evidence of discrimination when supervisor made stray

derogatory comments about people from the United Arab Emirates when employee was not from the United Arab Emirates). In fact, even a decision maker's statement of his general preference for younger workers, if unrelated to a complained-of employment decision, is not direct evidence of discrimination. See Ramlet v. E.F. Johnson Co., 507 F.3d 1149, 1152-53 (8th Cir. 2007) (no direct evidence of age discrimination when supervisor stated that "he intended to hire 'young studs' to replace the older sales people" because there is no specific link between the alleged discriminatory animus and plaintiff's termination).

Here, Frantz offers evidence from which a reasonable fact finder could find that Ferguson placed substantial negative reliance on his age when it terminated his employment. He points to two comments made by Twain Glaser, a decision maker, from which the Court could infer that Frantz's age was a determinative factor in terminating Frantz's employment. (Pl.'s Add'l Stmt. ¶ 6.) First, in October of 2005, Glaser told Craig Moon, a Ferguson customer, that Frantz was replaced because "at 60 years old [he] does not have the energy level to aggressively pursue new business." (Pl.'s Add'l Stmt. ¶ 2; Moon Aff. ¶ 2; Moon Dep. 47:17-48:5.) Then, Glaser told Sam Schrum, a former Ferguson employee, that "due to [Frantz]'s age he was unable to get the job done." (Pl.'s Add'l Stmt. ¶ 4; Schrum Aff. ¶ 14.) Glaser further stated that, "[Ferguson] was a young company, committed to young people which is the Wosley/Ferguson way and with [Frantz's] age and attitude he would never get the Wosley/Ferguson way as a young kid would." (Schrum Aff. ¶ 14.) Ferguson denies that Glaser made these comments to Moon or Schrum. (Def.'s Reply Br. ¶¶ 2, 4, 6.) Further, Ferguson challenges the credibility of Moon and Schrum and alleges that if the comments were made, they were taken out of context. (Def.'s Reply Br. 4-5.)

-6-

Construing the evidence in light of most favorable to Frantz, the non-moving party, these comments were more than general statements about the productivity of older people or stray remarks about Frantz's age.  The comments were directly related to Frantz, his termination, and an unlawful basis for his termination–his age.  Further, the comments were made at or about the time of Frantz's termination and in direct response to inquiries about Frantz.  The fact that the comments were coupled with a subjective assessment of Frantz's performance as an outside sales associate for Ferguson does not permit the Court, at this stage, to ignore the comments and the reasonable inferences that can be drawn from them.  See King v. Hardesty, 517 F.3d 1049, 1059-60 (8th Cir. 2008) ("[E]vidence of additional motives, and the question whether the presence of mixed motives defeats all or some part of plaintiff's claim, are trial issues, not summary judgment issues.") (citing Griffith v. City of Des Moines, 387 F.3d 733, 735 (8th Cir. 2004)).  As a result, Ferguson's Motion must be denied, under mixed motive theory based on direct evidence.

## II.    Circumstantial Evidence and McDonnell Douglas

Under the McDonnell Douglas framework in an age discrimination case, a plaintiff must first show that he or she is over forty, qualified for the position in question, suffered from an adverse employment decision, and replaced by someone sufficiently younger in order to permit a reasonable inference of discrimination and satisfy a *prima facie* case of age discrimination.  See Fasold, 409 F.3d at 184-85.  Once the plaintiff satisfies his or her *prima facie* case of age discrimination, the burden of production shifts to the employer to articulate a legitimate, nondiscriminatory reason for its adverse employment decision.  See id. at 184.  "If the employer articulates one or more such reasons, the aggrieved employee must then proffer evidence that is sufficient to allow a reasonable finder of fact to find by a preponderance of the evidence that the

employer's proffered reason is false or pretextual." Id. (citing Sarullo v. United States Postal

Serv., 352 F.3d 789, 797 (3d Cir. 2003)).

**A.      *Prima Facie* Case**

      For the purposes of Ferguson's Motion, the Court finds it unnecessary to consider step

one of the McDonnell Douglas framework because Ferguson does not dispute that Frantz can

establish a *prima facie* case of age discrimination.  (Def.'s Br. 2 n.2.)  As a result, the burden of

production shifts to Ferguson to articulate a legitimate, nondiscriminatory reason for terminating

Frantz.

**B.      Legitimate, Nondiscriminatory Reason**

      Ferguson contends that Frantz's "poor job performance, in terms of low branch sales . . .

is a legitimate, nondiscriminatory reason for [Frantz's] termination."  (Def.'s Br.  5-9.)  Since

Ferguson's burden is only one of production, and poor performance is recognized as a legitimate,

nondiscriminatory reason, this step of the McDonnell Douglas framework is complete.  See

Hannoon v. Fawn Engineering Company, 324 F.3d 1041, 1047 (8th Cir. 2003) ("Under the

second step of [McDonnell Douglas], the defendants easily met their burden of production by

alleging poor performance as the legitimate, non-discriminatory basis for [plaintiff]'s

termination.").  Further, it is well-settled that the defendant's burden of production at this stage

of the McDonnell Douglas analysis is a light one.  See Fuentes v. Perskie, 32 F.3d 759, 763 (3d

Cir. 1994); Gilbert v. Philadelphia Media Holdings LLC, 564 F. Supp. 2d 429, 434 (E.D. Pa.

2008).

**C.      Pretext**

      After making out a *prima facie* case of age discrimination, a plaintiff may defeat a motion

for summary judgment by *either* (1) discrediting the employer's legitimate, nondiscriminatory

reason either circumstantially or directly, or (2) adducing evidence, whether circumstantial or

direct, that discrimination was more likely than not a motivating or determinative cause of his or

her termination.  See Fasold, 409 F.3d at 185 (quoting Fuentes, 32 F.3d at 764).

Frantz argues that Ferguson's legitimate, nondiscriminatory reason is pretext and

contradicted by the record.  (Pl.'s Br. 9-15.)  In support, Frantz points to Ferguson's credibility,

the timing of his termination, Ferguson's mistreatment of him, through Glaser, and the lack of

documentation regarding his termination.  (Pl.'s Br. 10-14.)  Frantz offers no evidence to

undermine Ferguson's claim that he was, in fact, performing poorly, other than to dispute which

sales projections his performance should be measured against.  (Pl.'s Br. 10-12.)  Frantz's most

compelling pieces of evidence are the comments made by Glaser, which were discussed above.

Thus, Frantz is attempting to prove pretext under the second prong, i.e. "adducing evidence,

whether circumstantial or direct, that discrimination was more likely than not a motivating or

determinative cause of his or her termination."  Fasold, 409 F.3d at 185 (quoting Fuentes, 32

F.3d 764).  Frantz "must point to evidence with sufficient probative force that a fact finder

could conclude by a preponderance of the evidence that [age] was a motivating or determinative

factor in the employment decision."  Gilbert, 564 F. Supp. 2d at 434 (quoting Simpson v. Kay

Jewelers, Div. of Sterling, Inc., 142 F.3d 639, 644-45 (3d Cir.1998)).

In cases where employees offer discriminatory comments in order to show pretext, it is

important to consider the relationship between the speaker and the employee, the timing of the

comment, and the purpose and content of the statement.  See Keller v. Orix Credit Alliance, Inc.,

130 F.3d 1101, 1112 (3d Cir. 1997).  In Keller, the Third Circuit Court of Appeals affirmed the

district court's order granting the defendant's motion for summary judgment in an age discrimination case.  The plaintiff, a fifty-one (51) year old employee, was unable to establish that his failure to reach a specified funding goal was pretext.  He offered a statement from the company's vice-president that was made to the plaintiff four to five months prior to the plaintiff's termination.  The vice-president told the plaintiff that if he could not perform the job, he should hire one or two young employees.  The Third Circuit held that this statement was not enough to overcome a motion for summary judgment because the statement was made months before the plaintiff's termination and did not refer to a specific employment question or subsequent action. Id.

Similarly, in Moulouad v. Temple Univ., No. 06-CV-599, 2007 WL 2972595, *1, 3 (E.D. Pa. Oct. 9, 2007), the district court granted the defendant's motion for summary judgment in a national origin discrimination case.  The only evidence of pretext that the plaintiff offered was a statement by the dean responsible for a reorganization plan that eliminated the plaintiff's job. The dean told the plaintiff that he "had two strikes against [him] at the University.  A, that [he was] not white and B, [he had] an accent."  Moulouad, 2007 WL 2972595, at *1. The statement was made eleven months prior to the reorganization, and it was unrelated to the plaintiff's actual termination

In McElhinney v. Quest Diagnositis, Inc., 152 F. Supp. 2d 745, 749-51 (E.D. Pa. 2001), on the other hand, the court denied the defendant's motion for summary judgment in a wrongful termination case under the ADEA.  In McElhinney, the plaintiff testified, during her deposition, that her then-supervisor made comments to her suggesting that she was too old to do her job and that he preferred sharp, young ladies.  McElhinney, 152 F. Supp. 2d at 749.

Here, in addition to the remarks that were made about Frantz's age in general, e.g., "old fart," "grandpa," Frantz offers two specific statements made by a decision maker in order to show that Ferguson's legitimate, nondiscriminatory reason is pretext.  The comments are markedly different from the comments in <u>Keller</u> and <u>Moulouad</u> because they were made shortly after Frantz's termination and in response to questions about him and his employment with Ferguson.

In October of 2005, Glaser told Craig Moon, a Ferguson customer, that Frantz was replaced because "at 60 years old [he] does not have the energy level to aggressively pursue new business."  (Pl.'s Add'l Stmt. ¶ 2; Moon Aff. ¶ 2; Moon Dep. 47:17-48:5.)  Then, Glaser told Sam Schrum, a former Ferguson employee,  that "due to [Frantz]'s age he was unable to get the job done."  (Pl.'s Add'l Stmt. ¶ 4; Schrum Aff. ¶ 14.)  Glaser further stated that, "[Ferguson] was a young company, committed to young people which is the Wosley/Ferguson way and with [Frantz's] age and attitude he would never get the Wosley/Ferguson way as a young kid would."  (Schrum Aff. ¶ 14.)

Ferguson argues that these statements were taken out of context, and it challenges Moon and Schrum's credibility. (Def. Br. 12-16.)   However, the Court will not weigh the evidence or make any credibility determinations at this stage of the litigation.  <u>See</u> <u>Anderson</u>, 477 U.S. at 255.

The Court will also decline  Ferguson's invitation to invoke the Fourth Circuit's "same actor" inference, which gives evidentiary weight to the fact that the same person hired and fired the plaintiff within a short period of time with knowledge of his or her membership in a protected class.  <u>See</u> <u>Proud v. Stone</u>, 945 F.2d 796, 797 (4th Cir. 1991) ("[I]n cases where the hirer and the firer are the same individual and the termination of employment occurs within a relatively short

time span following the hiring, a strong inference exists that discrimination was not a determining factor for the adverse action taken by the employer."); see also Waldron v. SL Industries, Inc., 56 F.3d 491, 496 n.6 (3d Cir. 1995) (Rejected the district court's application of the logic underlying the Proud inference and agreeing with the EEOC's *amicus curiae* that "'where, as in Proud, the hirer and firer are the same and the discharge occurred soon after the plaintiff was hired, the defendant may of course argue to the factfinder that it should not find discrimination.  But this is simply evidence like any other and should not be accorded any presumptive value'").  The "same actor" inference has not been adopted in this Circuit.  See id.; Schmidt v. Montgomery Kone, Inc., 69 F. Supp. 2d 706, 711 (E.D. Pa. 1999) (recognizing that the Third Circuit rejected the "same actor" inference) (citing to Waldron, 56 F.3d at 496). Further, the facts of Proud and the instant case are different.  In Proud, the plaintiff could not introduce any direct or circumstantial evidence that discrimination was more likely than not a motivating or determinative cause of his termination, unlike Frantz who can offer Glaser's statements as such evidence.  The plaintiff in Proud was merely attempting to discredit the defendant's legitimate, nondiscriminatory reasons for firing him, which included the plaintiff's poor performance.  Even if the inference was adopted, our Circuit has already stated that it would be inappropriate for a district court to invoke it at this stage of the litigation, particularly in the face of evidence that gives rise to inferences that favor of the non-moving party.  See Waldron, 56 F.3d at 496 n.6; Schmidt, 69 F. Supp. 2d at 711 (citing Waldron).

There are genuine issues of material fact in this case.  Both parties' arguments revolve around questions of credibility and intent.  Such questions are for finders of fact at trial, not the Court when deciding a motion for summary judgment.  As a result, Ferguson's Motion must be

denied.

An appropriate Order accompanies this Memorandum Opinion.

IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF PENNSYLVANIA

PHILLIP A. FRANTZ                          :
                                           :
                    Plaintiff              :        CIVIL ACTION
                                           :
          v.                               :        No.    07-CV-4083
                                           :
FERGUSON ENTERPRISES, INC.                 :
                                           :
                    Defendant              :

## ORDER

AND NOW, this 26th day of January, 2009, it is hereby ORDERED that Defendant's

Motion for Summary Judgment (Document No. 12) is DENIED.

BY THE COURT:

*/s/ Thomas M. Golden*
THOMAS M. GOLDEN, J.